Crew, J.
On December 12, 1904, W. H. McGill, a deputy state fish and game warden, filed his affidavit before John A. Green a justice of the peace in and for the township of Zanesville, Muskingum county, Ohio, charging the defendant in error, T. C. Elson, with having violated certain of. the provisions of Section 15 of an act entitled: “An act to provide for the protection, preservation and propagation of fish and game in the state of Ohio,” etc. The particular provision of said section alleged to have been violated, reads as follows: “No person shall within this state, catch, kill, injure, or pursue with such intent, any Virginia partridge or quail except from the fifteenth day of November to the fifth day of December.” The accused, T. C. Elson, was arrested upon said charge, put upon trial and convicted, and upon the overruling of his motion for a new trial, was sentenced by the justice to pay a fine of fifty dollars and the costs of prosecution. This judgment was subsequently affirmed by the court of common pleas. From this judgment of affirmance error was prosecuted by said T. C. Elson to the circuit court of Muskingum county, where the judgments of the courts below were reversed, and the following judgment entry was madé and entered on the journal of said circuit court, to-wit: “This cause came on for hearing upon the petition in error, the transcript and the original paper's and pleadings in the justice’s court and the court of common pleas of Muskingum county, Ohio, and was argued by counsel; on consideration whereof the court find that there is error apparent upon the face of the record to the *491 prejudice of the plaintiff in error in this, to-wit: First, the verdict of the jury in the justice’s court is against the manifest weight of the evidence, and said verdict and the judgment of the justice thereon is contrary to law. Second, said'justice of the peace erred in his charge to the jury. Third, said justice of the peace erred in overruling the motion for a new trial and in rendering judgment against the plaintiff in error. Fourth, the common pleas court erred in affirming the judgment rendered by said justice of the peace. It is therefore considered and adjudged by this court that the said judgment of the justice of the peace and the judgment of the said court of comrnon pleas affirming the same, and each of them, be and the same are hereby reversed, set aside and held for naught, and the plaintiff in error is restored to all things he has lost by reason thereof. And it fully appearing by the evidence offered by the state on the trial of said cause that the acts complained of were committed on the 5th day of December, 1904, instead of the 6th day of December, 1904, as alleged in the affidavit, and there being no dispute in the evidence as to this date, or claim on the part of the state that said acts were committed upon the 6th, or at any other time than the 5th day of December, 1904, as shown by the bill of exceptions in said cause, and it appearing to this court that said acts were not unlawful and prohibited on the 5th day of December, 1904, this court proceeding to render the judgment that the justice of the peace should have rendered upon said evidence, and that the common pleas court on error should have rendered, it is hereby ordered and *492 adjudged that the defendant be discharged without day, and that he recover from the defendant in error his costs herein expended, taxed at $-, and that said defendant in error pay its own costs, taxed at $-, for all of which execution is awarded, and this cause is remanded to the common pleas court for execution. To all of which finding, judgment and decree the defendant in error at the time excepted, and its exceptions are here noted at its request.” Upon the trial in the justice’s court the justice among other instructions given, charged the jury as follows: “The law says: ‘No person shall, within this state, catch, kill, injure or pursue with such intent, any Virginia partridge or quail except from the fifteenth day of November to the fifth day of December.’ Now my judgment is, and I will so hold and say to you, that to pursue with intent to catch, injure or kill quail on the fifth day of December is unlawful, and that if the same is proven to you on said day beyond a reasonable doubt with the other facts heretofore mentioned, then your verdict against this defendant should be guilty. Now, gentlemen, it is not within your province to say whether my construction of the law as to so pursuing quail on the fifth day of December is correct or not. You are to take the law as I give it to you and the error, if any, will be mine and not yours.” Whether the foregoing instruction was correct, and whether the judgment of conviction in this case was warranted, depends wholly upon the interpretation and meaning proper to be given to the clause or expression “from the fifteenth day of November to the fifth day of December”' as found *493 in above Section 15 of the game laws. It is the contention of counsel for the state that the words “from” and “to,” as employed and used in said section, are both words of exclusion, and that therefore, in computing the time within which it shall be lawful to catch, kill or pursue quail, both the fifteenth day of November and the fifth day of December must be excluded, and the section be read precisely as though the language or expression therein used was, between the fifteenth day of November and the fifth day of December. On the other hand it is claimed by counsel for defendant in error that inasmuch as the statute itself neither prescribes nor defines how the time shall be computed, that in computing the same, the rule of the common law should be followed, and the first day (Nov. 15) should be excluded, and the last day (Dec. 5) should be included. We are of opinion that the method of computation last suggested is the correct one, and the one that should be adopted in the present case. In Lewis’ Sutherland Statutory Construction, Vol. 1 at page 330, the author says: “ ‘From’ is a term of exclusion, and the words ‘to,’ ‘till’ or' ‘until,’ inclusive. Not that they import this in all connections, but in their use to indicate the beginning and ending of spaces of time. If a given number of days is required to elapse between one act and another, the day of the first is excluded, and the day of the other included. An intention to exclude both days may be inferred from language clearly expressing that intent; as where a statute or rule of court requires a certain number of clear days, or as has been held when ‘at least’ a given *494 number of days is required. The rule is so generally recognized to exclude the first, or terminus a quo, and to include the last, or terminus ad quem, that it requires no particular words for its application.” In volume 49 L. R. A., pages 193 to 248, the editor in a note to Halbert v. San Saba Springs L. & L. S. Association, after a very thorough and exhaustive review of the authorities upon the rule “as to first and last days in the computation of time,” states as his conclusion: “There seems to be one general rule with reference to counting the first and last days in the computation of a period of time which, subject to exceptions based upon the language of the provision for time or upon the surrounding circumstances, seems to have remained the same throughout the whole period of the common law, and which remains practically the same under the statutes and rules of court. That rule is, that in the computation of time one of the first and last days of the period shall be included and the other excluded. The question as to which of the two days shall be included and which excluded, however, has been differently decided in different periods and different jurisdictions, and has given rise to much conflict of opinion. The general common law rule as it originally existed was that the first day was to be counted when the computation was to be from an act or event, but that it was not to be counted when the reckoning was to be from a day or from the day of an act or event. The modern decisions have changed this rule, and, in the absence of a statute or rule of court controlling the question, the courts now compute time, as a general rule, *495 by excluding the first day and including the last day. But this rule was subject to exceptions with reference to the language of the .provision for time or the surrounding circumstances, and in many instances in which the words ‘within’ or ‘between’ or ‘at least’ or ‘riot less than’ were used, both the first and • last days were' excluded, and such days were included or excluded, as the case might be, so as to avoid a penalty or forfeiture. This rule was subsequently put in statutory form or adopted as.a court rule in most jurisdictions, but in construing the statutes and rules, though the courts could not depart from or change the language used, they generally construed them to be a re-enactment of the common law rule on the subject, and held them to be subject to the same exceptions; and the general rule now existing, whether at common law or under the statutes, probably is that the first day of a period of time is to be excluded and the last day is to be, included, but that either or both days may be either included or excluded, if the language of the provision for time is such as to require it, or if by so doing a penalty of forfeiture will be avoided. These rules are held generally to apply to all cases. Many of the statutes were enacted with, express reference to civil actions, but, with a few exceptions, they have been held to apply generally to all provisions for time, and though they are not deemed to apply, the common law must be resorted to which is practically the same.” It must, we think, be conceded, in obedience to the clear weight of authority, that in the absence of language compelling the application of a different rule, the estab- *496 lished general rule governing the computation of time, whether at common law or under the statute, is that the first day of the period named is to be excluded, and the last named day is to be included, and that this rule applies alike to all provisions for the computation of time whether in civil or criminal cases. In this state it is provided by Section 4951, Revised Statutes, (Civil Code) that: “Unless otherwise specially provided, the time within which an act is required by law to be done shall be computed by excluding the first day and including the last; and if the last be Sunday, it shall be excluded.” True this provision applies in terms, only to the computation of time within which an act is required by law to be done; but we can see no good or sufficient reason, nor has any been suggested, why the same rule of computation should not be applied in computing the time within which an act is permitted by law to be done. The mode of computing time in any particular case or class of cases, is of far less importance than that there should be some established and uniform rule on the subject. Obviously, it is not for the public good, nor in the interest of the due administration of justice, that there should be two rules, or that the rule should be different or less certain in criminal than it is in civil cases. In our opinion this rule of the statute should be followed and applied in the interpretation and construction of all statutes, save those where the language of the provision as to time, .itself clearly forbids it. In the present case there is a further consideration which we think leads to the conclusion that in construing the statute *497 now under review the 15th day of November should be excluded and the 5th day of December should be included. To adopt, in this case, the construction of Section 15 contended for by counsel for plaintiff in error would not only require that we ignore the well established general rule as to computation of time under similar statutes, but also that we disregard the further principle of construction, equally well established, which requires that a- statute shall, if possible, be so construed as to avoid a penalty or forfeiture

Judgment affirmed.

Si-iauck, C. J., Price, Summers, Spear and Davis, JJ., concur.